**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GERALD LEPINSKE, JR.,**

        **Plaintiff,**

-vs-                                                                  **Case No. 6:07-cv-915-Orl-31DAB**

**MERCEDES HOMES, INC., HOWARD BUESCHLER, KEITH BUESCHLER,**

        **Defendants.**

_____

## ORDER

This matter comes before the Court on the Joint Motion to Approve Settlement (Doc. 46) and the Supplemental Information (Doc. 59) filed by the parties to this FLSA class action. The information provided by the parties has addressed some of the Court's concerns, but some remain, as outlined below.

1. Do the numbers provided in the Supplemental Information (Doc. 59) pertain to both of the classes involved in the various FLSA actions against Mercedes Homes or just the so-called "builder class" of which Lepinske is a part?

2. Does the "158 Full Time Equivalents" listed on page two of the Supplemental Information refer to every person employed at Mercedes Homes, or only those employees who are Class members?

3. If the statute of limitations applied to determine the period for the settlement payment is known to be 110 weeks, why is the end of the "Class Period" left blank on the class notice of settlement and claim form?

4.     Is the $77,864.00 paid to named plaintiffs (Doc. 59 at 2) in lieu of or in addition to the amounts they would have received (or are to receive) under the formula for payments to class members?

5.     What is the "fluctuating work week theory" (Doc. 59 at 2) that was used to determine the specific amounts owed to each potential class member, and why was it used?

6.     Assuming the Plaintiffs' allegations are true, how much total overtime pay did Mercedes fail to pay class members during the class period?

7.     What is the actual Unit Share (for each class if the figures are different)?

8.     If the Divisor is equal to the Tenure Months of all Settlement Class members combined, including those who fail to respond to the notice of settlement, why is the Divisor to be recalculated after all participating claimants send in their claim forms?

9.     In the event that there is not enough money to pay every Participating Claimant a sum equal to their Tenure Months times the Unit Share, what happens?  Whose payout (or pay-in) changes, and how much?

In consideration of the foregoing, it is hereby **ORDERED** that the parties file a response answering these questions on or before May 1, 2008.  In addition, the Court has reviewed and edited the proposed class notice of settlement and claim form (Doc. 54-2 at 31-36).  Copies of the edited versions of these documents are attached to this order.  The parties are hereby **ORDERED** to review them and indicate in their response whether they object to any of the changes made by

the Court. The parties should include those documents in their response with as many blanks as possible filled in, and email Wordperfect versions to chambers.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 22, 2008.

                                            GREGORY A. PRESNELL
                                    UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party